The view of the cause taken by the court, appears from chancellor Mathews’s notes.
££ To make cross remainders there must be cither ex - press words, or a strong necessary implicationWilis are to be construed liberally, so as to make the intention operate, if not against the express rules of law; hut where the rigid rule of law is against the plain intention manifested by a strong necessary implication, it must be sub ject to such correction as will soften the rigor of the lave, and make way for the real intention of testator: summum just, summa est injuria.
£C To find the true construction, the whole will must he taken together, and not disjointed parts of it.
££ In the first place — It appears clearly to have beca the testator's intention to divide his whole estate, equally between all Iris children and their representatives th?p, living-. And that the share of each should follow the direct *132 line of tliejtrsí taker, until her descendants were extinct, Even then the testator makes no other limitation than what the law made for him, viz. to his right heirs. If, therefore, the limitation to the right heirs was to take P^ace’ ^ie Pr'imary object of the testator would be defeated, because oue half of one of the first taken shares, Would go away from her descend,ant living, which would create an inequality between his children, contrary to his intention,
‘í It must be admitted, there are words, which, by the strict rules of law, viz. ‘ respectively’ and <severally,’ disjoin the estates of the issue of Charles Spins and Sarah Mathews, pnd apparently forbid cross remainders. Yet there are other words which strongly imply them, viz, i and for default of all such issue, and not otherwise, to hia right heirs.* These words exactly correspond with the first part of the will, which makes an equal division amongst testator’s children in the first instance, and shews an intention to continue it in that line whilst there are any to take. Therefore the words ‘ all such issue,’ must refer to the whole issue of Charles Sams and Sarah Mathews; and the other words * and not otherwise’ are a confirmation of such intention. If this ]¡ad not been his intention, lie would have used words less emphatic, as ‘ and in default of such issue:’ Then the words such would have re-, ference to the next antecedent e issue of the survivor.* But as the words are ‘ all such’ < and not otherwise,’ they must have a more general reference, and go hack to ‘ a default of such issue of either of them, then and not otherwise’ ‘ to his right heir,’ If this construction is not to prevail, the limitation over to the right heirs is so remote a possibility as the law will not allow; for the first limitation is to the issue generally after a life in being, and then to the right hems: This may run to a century, and lord Macclesfield says, in cases of executory devises, the ntniost extent fo be allowed ought not to be more than thirty years, B.esides, here is the issue of the lives in being, interposed between them and the right heirs, which bars the limitation oyer to them. Then if the issue generally of Charles Sains and Sarah Mathews are not meant by ‘ all such issue,’ and the limitation to the right heirs *133 is too remote., who is to take the remainder? It has bcpn said, it is an interest vested in Charles Sams as survivor of Sarah Mathews. This cannot he, because he has no more than it life estate, ‘ and no longer/ therefore it cam not he such a vv&ted interest in him as he can dispose of; but it must still remain subject to the disposition under the will of 3. Stanyarnc, if that can he properly ascertained.
“ It therefore appears, that there is so strong a nt cessary- implication of a cross remainder, to make the will consistent, and to fulfil the intention of the testator, that tine construction must he in favour of cross remainders between the issue of Charles Sams and Sarah Mathews, and that the issue of Sarah Mathews must take the ‘ whole principal of both of said moieties/ agreeable to the worde¿ and also the true intent and meaning of the testator/*
And the court decreed, that the share of the testator, John StaisyarrNs personal estate, bequeathed to Charles Sams, is vested in defendant’s daughter; and that the same be delivered by complainant to defendant in truss for her: Thai the complainant account before the master for the profits of the negroes, from the time of Charles Sams’ death, and pay the amount thereof (after deducting the costs of suit) to the defendant, in trust for his dangle Í;;Il*o